In The United States District Court
For The Northern District of Texas
Lubbock Division

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Thomas John Boukamp,<br><br>    Defendant. | Crim No. 5:20-cr-00165-H-BQ-1 |

### Declaration of Thomas John Boukamp

I, Thomas John Boukamp, declare under penalty of perjury that the following is true and correct:

1. I am at least 18 years of age, of sound mind, and make this declaration knowingly and voluntarily.

2. I am the defendant in the above-captioned criminal proceedings.

3. I was initially represented in the criminal proceedings by Attorney David M. Guinn, Jr. I was subsequently represented by attorneys Mark J. Mahoney, Kristen Ayers, Laurie Key, and Henry Bostwick prior to trial.

4. With my first attorney, Mr. Guinn, I did explain to him that I believed at the time the best way to resolve my case would be to arrange a meeting with M., her father, the prosecutor, and judge.

5. It was my belief at the time that M. and I still loved each other and could spend a life together despite the criminal charges.

6. I truly believed that M. still loved me and that the simplest solution would be for us to get married and continue on with our lives.

7. Even if my attorneys could not arrange a meeting between all parties, I still wanted my attorneys to interview M. to get her side of the story before deciding to proceed to trial.

8. Mr. Guinn and I never discussed a trial strategy.

9. Before I fired Mr. Guinn, Mr. Mark Mahoney was retained to assist with my case.

10. Mr. Mahoney advertises himself as a specialized autism criminal defense attorney and an expert in autism defense.

11. Mr. Guinn and Mr. Mahoney filed a motion for a competency evaluation based on my diagnosis with Autism Spectrum Disorder.

12. I strongly disagreed with seeking a competency evaluation. At no time did I believe that I was mentally incompetent or unable to meaningfully assist in my defense.

13. Based on my conversations with Mr. Mahoney, his "trial strategy" was to have me found incompetent due to my autism diagnosis. However, I never could comprehend how this strategy would have benefitted me based on my understanding of competency, restoration, and commitment.

14. The delays caused by Mr. Guinn and Mr. Mahoney ultimately resulted in the government obtaining a second superseding indictment which added 11 more counts.

15. Based on my lawyers' failure to interview M. before trial, and the unnecessary delays caused by a competency evaluation, I made the decision to proceed to trial *pro se*.

16. It was my belief, based on my prior relationship and interactions with M., that M.'s trial testimony would contradict the government's theory of the case.

17. During the competency evaluation, I explained to Dr. Kellaher that I would be devastated if I found out that M. did not want a relationship with me in the future, but that I would be willing to accept that.

18. I was physically and visibly emotionally stunned by M.'s testimony at trial. Up until that point, I still believed that M. loved me and wanted to have a relationship with me.

19. I asked M. at trial whether she still loved me. When she responded "no," I visibly broke down at trial.

20. Throughout pretrial and trial preparations, I firmly believed M. loved me and wanted to have a life with me. My sole reason for going to trial was to bring this to light.

21. If I had known that M.'s testimony would be unfavorable, I never would have proceeded to trial. I would have taken the plea offer made by the government instead.

22. None of my prior attorneys contacted M. to anticipate her testimony. Had they done so, and I been made aware of M.'s expected statements, I would have had no reason to take my case to trial.

23. There was no rational reason for my attorneys not to interview the key witness in my case, especially when my decision to go to trial or plead guilty hinged on what M. would say at trial.

24. As I stated in my interviews with multiple doctors during the competency evaluation, I would have accepted if M. did not love me or want anything further to do with me. I would have accepted the government's plea offer.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Date: 10/21/25

Thomas John Boukamp